# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVSION

| | |
|---|---|
| LEROY WALTON, | 2:17-CV-13078-TGB |
| Plaintiff, | |
| vs. | ORDER OF DISMISSAL WITHOUT PREJUDICE FOR IMPROPER VENUE |
| ROGER JONES, et al., | |
| Defendants. | |

This case is a civil rights action, brought by Plaintiff Leroy Walton against several Defendants from Georgia. Plaintiff alleges that he lived in Detroit, Michigan for "40 years" (Dkt. 1, Pg ID 3).[1] He claims that he travelled to Georgia, "looking for an old car transmission." *Id*. While he was in Georgia, Plaintiff claims that the "Atlanta Police . . . said that my driver's license was expired, but it wasn't" and that "[a]fter being threatened by the police my heart was beating so fast and I didn't know

---

[1] Plaintiff's current address is in Lithonia, Georgia, which is just outside Atlanta.

what was wrong." *Id.* Plaintiff claims that he was taken to the county jail, and later to Grady Hospital, where he learned that he suffered a heart attack and stroke. *Id.* Defendants in this case are various executives from "Kindred Home Care," which is a healthcare services company headquartered Louisville, Kentucky. The relationship between these Defendants and the alleged violations of Plaintiff's civil rights in Georgia is unclear in the Complaint. What is clear is that, even granting Plaintiff the broadest possible interpretation of his claims, there is no connection between Plaintiff's claims and the state of Michigan. As such, the Court will dismiss this case without prejudice, for improper venue. This means that Plaintiff has brought this lawsuit in the wrong court, but that he can re-file his case in the proper venue, which is likely the Northern District of Georgia.

Venue in a civil case is determined by 28 U.S.C. § 1391(b). This statute aims to place suits in the judicial district most connected to the parties or the events giving rise to the action. The venue statute provides that:

> [A] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to 28 U.S.C. § 1406(a):

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The decision to dismiss or transfer an action under 28 U.S.C. § 1406(a) lies with the sound discretion of the Court. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Although courts generally refrain from sua sponte dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 Fed. Appx. 852, 853–54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue is located in the Northern District of Oklahoma and case is filed in the Eastern District of Oklahoma in lieu of transferring action to the Northern District); *Davis v. Reagan*, 872 F.2d 1025 (Table), 1989 WL 40200 at *1 (6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue when case filed in Tennessee and proper venue in the Western District of Pennsylvania);

*Day v. City of Galveston*, 480 Fed. Appx. 119, 121 (3d Cir. 2012) (sua sponte dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice); *Nation of Islam v. Pennsylvania Department of Corrections*, 2012 WL 529546 at *2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be sua sponte transferred from Western District of Pennsylvania to Middle District of Pennsylvania on grounds of improper venue (citing *Davis v. Reagan*, 872 F.2d 1025 (Table) (6th Cir. 1989)) (report and recommendation adopted 2012 WL 529238 (W.D. Pa.)).

As reflected by the cases cited above, such sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction. *See Johnson v. Christopher*, 233 Fed. Appx. at 853 ("Construing his pro se filings liberally, as we are constrained to do [citation omitted] we understand that [plaintiff] is challenging the district court's dismissal of his suit in lieu of transferring it to the Northern District of Oklahoma."); *Cloke v. United Broth. of Carpenters and Joiners of America*, 2013 WL 594462 at *6 (S.D. Ohio,

4

Feb. 15, 2013) ("It is well-settled that a document filed pro se is 'to be liberally construed,' and that a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers ...' " (citations omitted)).

Even under the most liberal reading of Plaintiff's Complaint, his allegations have no relationship to Michigan, other than Plaintiff claiming to be a former resident of Detroit. As such, this Court is an improper venue for this case, and it is dismissed without prejudice. Plaintiff may re-file this case in a proper venue.

**SO ORDERED**.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 29, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager